Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Carla Luke-Byers

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Carla Luke-Byers | Case No: 12CV1755 AJB DHB |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Legal Recovery Law Offices, Inc.; Mark D. Walsh, Esq.; Equable Ascent Financial, LLC | |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Carla Luke-Byers, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Legal Recovery Law Offices, Inc. ("LRLO"), Mark D. Walsh, Esq. ("Walsh"), and Equable Ascent Financial, LLC ("Equable Ascent"), (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Any and all violations alleged against LRLO and Walsh are imputed to Equable Ascent under the theory of vicarious liability, because the actions undertaken by LRLO and Walsh were an attempt to collect the alleged debt by an attorney's office on behalf of Equable Ascent.

9. All violations alleged under the FDCPA are alleged against all named Defendants.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

12. Because Defendants do business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

14. Defendants commonly conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

15. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

16. Plaintiff is a natural person who resides in the State of California.

17. Defendant LRLO is located in the City of San Diego, in the State of California.

18. Defendant Walsh is located in the City of San Diego, in the State of California.

19. Defendant Equable Ascent is located in the City of Buffalo Grove, in the State of Illinois.

20. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

22. Sometime before November 7, 2011, Plaintiff is alleged to have incurred certain financial obligations on a consumer credit account.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. Sometime thereafter, but before November 7, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before November 7, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

26. Subsequently, Equable Ascent, through its legal counsel LRLO and Walsh, all debt collectors pursuant to FDCPA, proceeded with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligation.

27. Defendants filed a civil case against Plaintiff in Riverside Superior Court on November 7, 2011 based on the consumer credit account that was allegedly in default (Case No. RIC1118117).

28. The purpose of this case was not to pursue legitimate litigation, but to cause Plaintiff financial hardship with the intent of coercing Plaintiff to settle the action.

29. In this case, Defendants brought a cause of action based on Account Stated based on an alleged consumer credit obligation.

30. This cause of action has no merit, or evidentiary support, and was brought for the sole purpose of coercing the Plaintiff to pay the alleged debt.

31. In the complaint filed in state court, Defendants stated that an "an account was stated in writing" between Plaintiff and the original creditor, when, in fact, this was not true.

32. Defendants stated in the complaint filed in state court that Plaintiff and the original creditor had an account stated "in writing" when, in fact Defendants knew or should have known that this was untrue, and that no such writing existed. This communication to the Plaintiff was a false, deceptive, and misleading statement related to the collection of a debt.

33. At no time did Defendants have evidence of said "writing," and this false, deceptive, and misleading statement was made only for the purposes of coercing payment from a consumer.

34. On or about December 12, 2011 Plaintiff responded to Defendants' state court lawsuit and filed a general denial to all claims.

35. On or about April 4, 2012 Plaintiff propounded discovery requests on Defendants in the state court case.

36. Defendants did not respond to Plaintiff's discovery requests or produce any evidence of an account stated in writing.

37. On or about June 11, 2012 Defendants filed a request for dismissal of the state court action without prejudice.

38. At no time did Plaintiff enter into an account stated with anyone regarding this alleged obligation.

39. In this state court action, Defendants used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e and 15 U.S.C. §1692e(10) because an action

under an account stated requires that parties forgo any previous bona fide contract between the parties and, instead, enter into a new contract between them, which never happened in this matter, a fact that Defendants either knew or should have reasonably known.

40. Pursuant to Code of Civil Procedure § 128.7(b)(3), Defendants certified that Defendants' allegations of account stated had evidentiary support, when in fact Defendants did not possess any evidence of any account stated, which is a written contract. Defendant did not possess any written contract, or any writing, that showed an account stated in writing between Defendant and Plaintiff.

41. Defendants, had Defendants believed in good faith that such evidence existed and could be obtained, could have stated such in Defendants' Complaint, in order to comply with CCP § 128.7(b)(3). Instead, Defendants chose to ignore CCP § 128.7(b)(3) despite Defendants' lack of any evidence of an account stated, and by doing so made a false certification under CCP 128.7(b)(3).

42. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

43. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

44. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 12, 2012              By: s/ Andrea Darrow Smith
                                 Email: andrea@westcoastlitigation.com
                                 Attorneys for Plaintiff

⚐JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carla Luke-Byers

### DEFENDANTS
Legal Recovery Law Offices, Inc.; Mark D. Walsh, Esq.; Equable Ascent Financial, LLC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'12CV1755 AJB DHB

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart 4129 Main Street, Suite B8 Riverside, CA 92501
(951) 784-7770

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine | **PERSONAL PROPERTY** |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability |  |  | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
Unfair Debt Collection Practices

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 07/16/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Andrea Darrow Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Export as FDF] [Retrieve FDF File] [Reset]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.  (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.  Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.  Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.